UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALDO LEE BRAGA,<br><br>      Plaintiff,<br><br>-against-<br><br>THE NEW YORK CITY POLICE DEPARTMENT OFFICIALLY AND INDIVIDUALLY IN THEIR CAPACITY,<br><br>      Defendants. | 13-CV-6956 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, United States District Judge:

  By order and judgment issued on March 4, 2014, and entered on March 10, 2014, the Court dismissed this *pro se* action for failure to state a claim on which relief may be granted. On April 22, 2014, the Court construed one of Plaintiff's submissions as a motion for an extension of time to file a notice of appeal and granted the motion. But Plaintiff never filed a notice of appeal. By order dated August 28, 2015, the Court construed one of Plaintiff's subsequently filed submissions as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure and denied it. On May 29, 2018, and again on March 22, 2019, the Court received letters from Plaintiff. (ECF Nos. 16 & 17.) These letters are difficult to understand, but they seem to challenge the Court's dismissal of this action. The Court therefore construes these letters as another motion for relief from the Court's March 4, 2014 order of dismissal and judgment under Rule 60(b). For the reasons discussed below, the Court denies the motion.

## DISCUSSION

  Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A motion seeking relief under any of the first three clauses of Rule 60(b) must be brought within one year of the date of entry of the order or judgment challenged. Fed. R. Civ. P. 60(c)(1). Because Plaintiff filed his motion more than one year after the date of entry of the order of dismissal and judgment challenged, any relief he seeks under Rule 60(b)(1), (2), or (3) is time-barred. *See id.* And even if Plaintiff's motion, to the extent that it seeks relief under Rule 60(b)(1), (2), or (3), were not time-barred, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply. Accordingly, to the extent that Plaintiff seeks relief under Rule 60(b)(1) through (5), the Court denies that relief.

"Rule 60(b)(6) does not have a one year limit, but instead requires that the motion must be made within a 'reasonable time.'" *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006); Fed. R. Civ. P. 60(c)(1). "To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), we look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" *Grace*, 443 F.3d at 190 n.8 (citation omitted). "Notably, a Rule 60(b)(6) motion requires 'extraordinary circumstances,' which 'typically do not exist where the applicant fails to move for relief promptly.'" *Id.* (citation omitted); *see also Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987) ("Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue

2

hardship be imposed on other parties.") (citations omitted). In addition, a Rule 60(b)(6) motion "must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (internal quotation marks omitted).

Plaintiff filed the first of the two letters that constitute his present Rule 60(b) motion on May 28, 2018, more than four years after the Clerk of Court entered the March 2014 order of dismissal and judgment. But Plaintiff does not give an explanation for the delay or allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court denies that relief.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's latest letters (ECF Nos. 16 & 17) as a motion seeking relief from the Court's March 4, 2014 order of dismissal and judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

The Clerk of Court is also directed to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   May 3, 2019
            New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
United States District Judge